IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHAUN M. KOONTZ, K96720,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 24-cv-90-DWD |
| **I.D.O.C,** ) | |
| **DURBIN,** ) | |
| **LEIDNER,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

On January 11, 2024, Plaintiff Shaun M. Koontz, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Graham Correctional Center (Graham), filed a Motion for a Preliminary Injunction. (Doc. 1). In the motion, Plaintiff expresses concern that his grievances have disappeared or have not been answered for a few months, and his outgoing mail or messages may have been monitored or restricted. Plaintiff asks the Court to issue a preliminary injunction to direct that his institutional grievances or appeals to the Administrative Review Board not be tampered with. (doc. 1-1 at 1). Plaintiff has also submitted two additional letters about the facts that give rise to his request for injunctive relief. (Docs. 4, 8).

The first step in this action is to file a complaint. *See* FED. R. CIV. P. 3, Advisory Committee Notes, 1937 Adoption. Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by the filing of a complaint with the court."

FED. R. CIV. P. 3. Although Plaintiff's Motion alludes to possible civil claims under 42 U.S.C. § 1983,[1] which allows an inmate to litigate constitutional violations in federal court, the Motion itself cannot serve as a complaint. The original Motion and two subsequent letters to the Court do not satisfy the basic requirements of a pleading, which require a case caption that names each party, and factual allegations that plainly describe the relief sought from the named parties. FED. R. CIV. P. 10 (a caption must name all parties, and a party must state claims in separate paragraphs each limited to a single set of events); FED. R. CIV. P. 8 (a pleading that states a claim must contain a short plain statement about the court's jurisdiction, the claims for relief, and a demand for the relief sought). Without a document that meets these basic requirements, Plaintiff cannot proceed.

Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are also not entitled to a general dispensation of the basic rules of procedure, *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Without a complaint, the Court cannot properly analyze Plaintiff's claims, and it also cannot grant injunctive relief because the viability of an injunction depends in part on the potential merits of the underlying claims. *See*, *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (to seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief).

---

[1] This Order does not constitute an opinion on the potential merit of the issues that Plaintiff discusses in his Motion and correspondence.

**IT IS THEREFORE ORDERED** that a decision on the pending motion for preliminary injunction (Doc. 1) is **DEFERRED** until the Court receives a complaint. The deadline for filing a complaint is **February 28, 2024**. Plaintiff is warned that if he does not file anything by that time, this action shall be dismissed for failure to follow court orders. Plaintiff should be careful to include all facts he wants considered in a single written complaint. Supplemental letters to add evidence or information will not be accepted and will not be considered as a part of the complaint. To assist Plaintiff, the Clerk of Court is **DIRECTED** to send Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

Dated: January 29, 2024

/s *David W. Dugan*
DAVID W. DUGAN
United States District Judge